IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02975–RM–KMT

THOMAS G. WHITE, and
LIZABETH A. WHITE,

      Plaintiffs,

v.

AMERICAN FAMILY INSURANCE GROUP a/k/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

## ORDER

This matter is before the court on "Plaintiffs' Motion to Amend Final Pretrial Order to Include Supplement to Expert Report." (Doc. No. 41 ["Mot."],[1] filed January 15, 2016.) Defendant filed its response in opposition on February 5, 2016 (Doc. No. 45) and Plaintiffs filed a Reply on February 22, 2016.  (Doc. No. 46.)

In November 2015, the National Institute of Standards and Technology, an agency of the U.S. Department of Commerce, published a report concerning the Waldo Canyon fire purportedly as "part of its ongoing programs for enhancing disaster resilience."  (Mot. at 4; Notice of NIST publication, "National Institute of Science and Technology Study of Colorado Wildfire Shows Actions Can Change Outcomes" dated November 9, 2015,

---

[1] For clarity, references to page numbers in the Motion are to the court's docket number rather than the numbers assigned by Plaintiffs.

http://www.nist.gov/el/fire_research/nist-study-colorado-wildfire-shows-actions-can-changeoutcomes.)  Plaintiff seeks to add this report as a potential exhibit to the Final Pretrial Order ("FPTO") issued by this court on November 12, 2015.  (Doc. No. 32.)

The 216 page Report, entitled "NIST Technical Note 1910. A Case Study of a Community Affected by the Waldo Fire – Event Timeline and Defensive Action" (hereinafter the "Report"), was downloaded and reviewed by the court on March 3, 2016, from http://nvlpubs.nist.gov/nistpubs/TechnicalNotes/NIST.TN.1910.pdf.  Plaintiffs state that they became aware of the Report on December 8, 2015 when notified by their designated expert, Ken Murphy. (Mot. at 4; see FPTO at 14.)

*ANALYSIS*

The issues confronting the court are first, whether the Final Pretrial Order should be modified to allow the Report to be listed as an exhibit, and second, whether the Report should be listed as a Supplemental Exhibit to the Report of Ken Murphy, currently exhibit number 15 to the FPTO.

*A.      Amendment to Final Pretrial Order*

Amendments of Final Pretrial Orders are addressed by Fed. R. Civ. P. 16(e), which provides, "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice."  In general, allowable modifications include "new and material evidence that was not otherwise readily accessible or known."  *Cleveland v. Piper Aircraft Corp.,* 985 F.2d 1438, 1450 (10th Cir. 1993), *abrogation on other grounds recognized by U.S. Airways, Inc. v. O'Donnell,* 627 F.3d 1318, 1326 (10th Cir. 2010).

The Tenth Circuit has recognized that "a pretrial order should be liberally construed to

cover any of the legal or factual theories that might be embraced by [its] language." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1220 (10th Cir. 2000) (internal quotations omitted); *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir.1979) ("When issues are defined by the pretrial order, they ought to be adhered to in the absence of some good and sufficient reason.")  In *Koch*, the Circuit delineated four factors to consider when deciding whether to not to allow an amendment to prevent manifest injustice "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."  *Id.* at 2222.  When considering proposed amendments to a final pretrial order, "'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)).

In response to Plaintiffs' request to add the Report as an exhibit to the FPTO, American Family argues that Plaintiffs have failed to carry their burden to show manifest injustice and that the Report is not material evidence in this matter.  None of the *Koch* factors involve a requirement that the information sought to be added to a pretrial order be "relevant" under Rule 26, nor that it necessarily be "admissible."  In this case, however, under the broad auspices of Rule 26, the Report is clearly relevant in that it concerns a government study about the conditions surrounding the Waldo Canyon fire and the very subdivision at issue in this insurance case.  Further, the court can see that the Report might be useful at trial to impeach witnesses and even admissible under certain circumstances, such as rebuttal evidence.

It is not contested that the Report was issued only three days before this court held its Final Pretrial Conference.  Plaintiffs did not become aware of the Report until December 8,

2015, several weeks after the Conference.  Plaintiffs immediately notified opposing counsel about the Report and sought counsel's agreement to amend the FPTO to include the Report as a possible Plaintiffs' exhibit.  Trial is not set until October 17, 2016.  Further, the deadline for challenging experts pursuant to Fed. R. Evid. 702 has passed.

The court finds that there is no bad faith on the part of Plaintiffs in seeking to include the Report as an exhibit in the FPTO given the timely disclosure to the Defendant.  There is also no prejudice to Defendants. The Report is a public document about which Defendants have known since December 2015.  As noted in Section B herein, Plaintiffs maintain that the Report will not change any of the opinions to be rendered by its expert, Mr. Murphy.  To the extent Defendants seek discovery about the Report, there is time to request such from the court. The trial will not be delayed or prejudiced by inclusion of the exhibit on the Plaintiffs' FPTO exhibit list.

However, Plaintiffs seek to add the Report not just as a stand-alone numbered exhibit, but as a supplementary exhibit to Ken Murphy's expert report.[2]  This is improper.

### B.   *Supplemental Expert Report*

The Final Pretrial Order describes Ken Murphy as "a construction expert hired by the Plaintiffs to do an analysis and report of the damage to Plaintiffs' home. Mr. Murphy will testify that the Thomas [sic] home and contents sustained various damages due to the Waldo Canyon Fire, . . . ."  (FPTO at 14.)  Supplementing an expert report is allowable only in certain limited circumstances.  Rule 26(a)(2) requires expert reports to be supplemented as required under Rule 26(e). Pursuant to Rule 26(e)(1) and (2), a party is required to supplement its expert's written report and deposition testimony when the prior information is "incomplete or incorrect, and if the

---

[22] Plaintiffs apparently withdrew this part of their request in Case No. 14-cv-2819-NYW, however it remains an argument in this case.

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* "Specifically, that means a supplemental report may correct inaccuracies or fill in the blanks of an incomplete report based on information that was not available at the time of the original report." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006). A party's duty to supplement an expert report extends both to information included in the report and to information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2). Unless ordered by the court, any additions or changes to this information must be disclosed at least 30 days before trial, when the parties' pretrial disclosures under Rule 26(a)(3) are due. *Id.*; Fed. R. Civ. P. 26(a)(3)(B).

"A plain reading of Fed. R. Civ. P. 26(e)(1) suggests that a supplemental expert report should be based upon additional or corrective information that was not available at the time of the expert's original report." *SEC v. Nacchio,* No. 05–cv–00480–MSK–CBS, 2008 WL 4587240, at *3 (D. Colo. Oct.15, 2008) (citing *Minebea Co. v. Papst,* 231 F.R.D. 3, 6 (D.D.C. 2005) (stating that Rule 26(e)(1) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.")). Moreover, "a supplemental expert report that states additional opinions or rationales or seeks to strengthen or deepen opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Cook,* 580 F.Supp.2d at 1169 (internal quotations omitted); *Scholl v. Pateder*, No. 1:09-CV-02959-PAB, 2012 WL 2360542, at *3 (D. Colo. June 20, 2012).

Plaintiffs make no secret that they intend that Mr. Murphy will use the Report to strengthen and/or deepen his own expert report and conclusions. (*See e.g.*, Mot. at 7 ("the

Report does not change any of Mr. Murphy's opinions. The Report contains additional facts and data that support Mr. Murphy's opinions, . . . ."); Mot. at 8 ("These provisions in the Report are consistent with Mr. Murphy's opinion that radiant heat as well as convective heat from the fire could melt and damage items on and inside Plaintiffs' home."); Mot. at 8 ("All of this information [in the Report] will be used to support the opinions of Mr. Murphy, of which Defendant was aware long before the Report was published.")).

Further, it is clear that Mr. Murphy did not rely on the Report in any way in forming his own analysis and opinions because the Report was issued after Mr. Murphy had completed his expert report.

The court finds, therefore, that supplementing Mr. Murphy's expert report by attaching the Report as an exhibit is improper.

Therefore, it is **ORDERED**

"Plaintiffs' Motion to Amend Final Pretrial Order to Include Supplement to Expert Report" (Doc. No. 41) is **GRANTED in part and DENIED in part**. Plaintiffs' list of exhibits in the Final Pretrial Order (Doc. No. 32) shall be amended to include a new Exhibit 16, "NIST Technical Note 1910. A Case Study of a Community Affected by the Waldo Fire – Event Timeline and Defensive Action."

Dated this 3rd day of March, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge